UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-21590-ELFENBEIN

**KAYLA HOMINSKI** and **NICOLAS HOMINSKI**,

    Plaintiffs,

v.

**GUSAR, LLC**, *et al*,

    Defendants.

_____/

**OMNIBUS ORDER ON DISCOVERY MOTIONS**

**THIS CAUSE** is before the Court on Defendant Wayfair, LLC's ("Wayfair") Notice of Hearing (the "Notice"), ECF No. [97], in which Wayfair notified the Court of the following discovery disputes:

    1.    Wayfair's Motion to Compel the depositions of Stuart Ratzan, Esq. and Mario Giommoni, Esq. ("Plaintiff's Counsel") who currently serve as counsel for Plaintiffs Kayla Hominski and Nicolas Hominski ("Plaintiffs").

    2.    Wayfair's Motion to Compel the production of all documents that were shown to Kayla Ferraro, Greg Ferraro, and/or Fire Marshal William Goins ("Non-Party Witnesses") prior to their depositions.

ECF No. [91] at 1. As scheduled, the Parties appeared before the Court on March 20, 2025, to address the noticed discovery issues (the "Hearing"). *See* ECF No. [111]. In addition to the discovery issues raised in the Notice, Wayfair made an additional oral motion to strike the testimony of the Non-Party Witnesses ("Motion to Strike"). Upon discussion with the Court regarding the lack of briefing and lack of notice, Wayfair withdrew its argument on the Motion to Strike, ultimately deciding to bring it at a later date, if at all. To memorialize its oral rulings from the Hearing, it is **ORDERED and ADJUDGED** as follows:

CASE NO. 24-CV-21590-ELFENBEIN

**I.  Wayfair's Oral Motion to Compel the Depositions of Plaintiffs' Counsel**

It is generally accepted that "federal courts have disfavored the practice of taking the deposition of a party's attorney; instead, the practice should be employed only in limited circumstances."  *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999) (denying deposition of defendant's trial attorneys was not an abuse of discretion).  While the Eleventh Circuit has not yet adopted a test determining these limited circumstances, district courts in the Northern, Middle, and Southern Districts of Florida and other Circuits have adopted the *Shelton* test.  *See e.g., Chesher v. Allen*, 122 Fed. App'x. 184, 188 (6th Cir. 2005); *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1112 (10th Cir. 2001); *Saldana-Snachez v. Lopez-Gerena*, 256 F.3d 1, 5, n. 9 (1st Cir. 2001); *Nguyen v. Excel Corp.*, 197 F.3d 200, 208 (5th Cir. 1999); *Wilcox v. La Pensee Condo. Ass'n, Inc.*, 603 F. Supp. 3d 1291, 1294 (S.D. Fla. 2022); *Travelers Indem. Co. of Connecticut v. Richard McKenzie & Sons, Inc.*, No. 8:17-CV-2106-T-23CPT, 2018 WL 3391267, at *7 (M.D. Fla. Mar. 14, 2018); *D.O.T. Connectors, Inc. v. J.B. Nottingham & Co., Inc.*, No. 99-CV311-WS, 2001 WL 34104929 (N.D. Fla. Jan. 22, 2001); *LaJoie v. Pavcon, Inc.*, No. 97-312-CIV-FTM-25D, 1998 WL 526784 (M.D. Fla. June 24, 1998).

In *Shelton v. American Motors Corp.*, the Eighth Circuit recognized that parties cannot depose their opposing counsel except in extreme circumstances upon a showing that: (1) no other means exist to obtain the information sought; (2) the information sought is relevant and nonprivileged; and (3) the information sought is crucial to preparation of the case.  805 F.2d 1323, 1327 (8th Cir. 1986).  Since the parties have invited this Court to analyze this case under *Shelton*, the Court does so.  *See* ECF No [97] ¶ 4.b (Wayfair citing *Shelton*); ECF No. [105] (Plaintiffs citing *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726 (8th Cir. 2002) (discussing *Shelton*)).

2

CASE NO. 24-CV-21590-ELFENBEIN

Upon review of the evidence presented at the Hearing and argument of counsel, the Court finds that Wayfair fails to satisfy *Shelton*'s first prong. Wayfair may obtain the information it seeks to discover directly from the non-party witnesses. Nothing precludes Wayfair from deposing the non-party witnesses about the substance of any conversations they had with Plaintiff's counsel. In fact, Wayfair indeed obtained testimony from the non-party witnesses as to the conversations and their substance, and nothing prevents them from asking additional questions. The Court need not address the remaining prongs as Wayfair failed to satisfy the first prong of the *Shelton* test. Accordingly, Wayfair's Oral Motion to Compel Depositions is denied.

**II. Wayfair's Oral Motion to Compel the Documents Plaintiffs' Counsel Showed the Non-Party Witnesses**

Plaintiffs' counsel brought to the Hearing physical copies of the documents shown to the non-party witnesses and produced the documents to Wayfair's counsel in open court. Wayfair's Oral Motion to Compel Documents is, therefore, denied as moot.

Accordingly, it is **ORDERED and ADJUDGED** that Wayfair's Oral Motion to Compel Plaintiffs' Counsel's Depositions, **ECF No. [118]**, is **DENIED**; and Wayfair's Oral Motion to Compel Production of Documents provided to Kayla Ferraro, Greg Ferraro, and/or Fire Marshal William Goins prior to their depositions, **ECF No. [119]**, is **DENIED AS MOOT**.

**DONE and ORDERED** in Chambers in Miami, Florida on April 3, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record