UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-21590-ELFENBEIN

**KAYLA HOMINSKI** and **NICOLAS HOMINSKI**,

    Plaintiffs,

v.

**GUSAR, LLC**, *et al*,

    Defendants.

_____/

**<u>OMNIBUS ORDER ON DISCOVERY MOTIONS</u>**

**THIS CAUSE** is before the Court on Defendant Wayfair, LLC's ("Wayfair") Notice of Hearing (the "Notice"), ECF No. [126], in which Wayfair notified the Court of the following discovery disputes:

    1.    The production of communications as they appear in the ordinary course of business, pursuant to Federal Rule of Civil Procedure 34(b)(2)(E), including complete conversations. Plaintiffs' Excel spreadsheet productions are attached as Exhibit A-1, A-2, A-3, A-4, A-5, and A-6. 1.

    2.    The production of complete text message communications, pursuant to the Court's February 5, 2025 Omnibus Discovery Order, attached as Exhibit B. Sample out-of-context text messages are attached as Exhibit C.

    3.    The production of all communications responsive to Wayfair's Requests, including, but not limited to, emails and additional materials referenced in the communications, such as voice memos, voicemails, photos, screenshots, and hyperlinks, which Plaintiffs have not produced. The relevant portion of Wayfair's Requests for Production clarifying the list of search terms, and the list of search terms, as previously submitted and as agreed by the Parties, is attached as Exhibit D. Sample communications referencing materials not produced are attached as Exhibit E.

    4.    The identification of the company who conducted the searches on Plaintiffs' cellular phones.

    5.    The retention of an independent computer forensic examiner to download Plaintiffs' text messages, which messages were requested in Wayfair's First Set of Requests for the Production of Documents directed to Kayla Hominski, Request Nos. 6, 7, and 8, and Wayfair's First Set of Requests for the Production of Documents directed to Nicholas Hominski, Request Nos. 4, 5, and 6. See Exhibit B, the Court's February 5, 2025 Omnibus Discovery Order.

    6.    The production of a privilege log identifying all communications between Plaintiffs and counsel related to the anticipated or actual testimony of Greg and Kayla Ferraro and Fire Marshal William Goins.

    7.    The supplementation of Plaintiffs' spousal communications privilege log, including the details of the subject matter of each entry. Plaintiffs' Privilege Log is attached as Exhibit F.

    8.    A determination as to whether Plaintiffs have waived marital privilege regarding certain communications.

    9.    A determination as to whether Plaintiffs have waived attorney-client privilege regarding communications related to this litigation. Sample text messages where Plaintiffs detail the content of communications with counsel relating to witness testimony are attached as Exhibit G.

ECF No. [126] at 1-3. The Parties appeared before the Court on March 22, 2025, to address the noticed discovery issues (the "Hearing"). *See* ECF No. [129]; ECF No. [130].

Wayfair made several oral motions at the Hearing including: (1) Oral Motion to Compel a Complete Production of Communications on Plaintiffs' Cell Phone, which corresponds with discovery disputes 1 through 5, ECF No. [131]; (2) Oral Motion to Compel a Complete Spousal Communications Privilege Log, which corresponds with discovery dispute 7, ECF No. [132]; (3) Oral Motion to Deem Spousal Communications Waived, which corresponds with discovery dispute 8, ECF No. [133]; and (4) Oral Motion to Deem Plaintiffs' Attorney-Client Communications Waived, which corresponds with discovery dispute 9, ECF No. [134].[1] To memorialize the oral rulings from the Hearing, it is **ORDERED and ADJUDGED** as follows:

---

[1] Although discovery disputes 6 and 9 have overlap, Wayfair did not raise any oral argument as to discovery dispute 6 at the Hearing.

1. Wayfair's Oral Motion to Compel a Complete Production of Communications on Plaintiffs' Cell Phone, **ECF No. [131]**, is **GRANTED in part**.  **No later than June 12, 2025,** Wayfair shall identify for Plaintiffs any specific text and email conversations from Plaintiffs' initial production that Wayfair contends are incomplete and require additional context.  Plaintiffs shall produce the supplemental text and email production responsive to Wayfair's updated request **no later than July 25, 2025**.  The Court acknowledges that Plaintiffs may need additional time to complete their supplemental production depending upon the number of text and email conversations identified by Wayfair as being incomplete and requiring additional context.  In such event, Plaintiffs shall file a motion with the Court prior to July 25, 2025, apprising the Court of their progress and specifying the additional time required to fulfill their production obligations.

2. Wayfair's Oral Motion to Compel a Complete Spousal Communications Privilege Log, **ECF No. [132]**, is **GRANTED**.  Plaintiffs shall produce a revised Spousal Communications Privilege Log that includes general descriptions of the communications within the log **no later than June 21, 2025**.[2]

3. Wayfair's Oral Motion to Deem Spousal Communications Waived, **ECF No. [133]**, is **DENIED** for the reasons explained at the Hearing.

4. Wayfair's Oral Motion to Deem Plaintiffs' Attorney-Client Communications Waived, **ECF No. [134]**, is **TAKEN UNDER ADVISEMENT**, as the Court ordered the Parties to provide supplemental briefing on this issue.  The Parties shall file their simultaneous

---

[2] At the Hearing, there was some confusion as to whether Plaintiffs produced a privilege log as to any communications withheld on the basis of the attorney-client privilege or work-product doctrine.  Plaintiff believed that such a log had already been prepared and produced while Wayfair denied receiving such a log.  To the extent that Plaintiffs have not yet produced a privilege log for any communications pre-dating the filing of this action that are withheld on the basis of the attorney-client privilege and the work-product doctrine, Plaintiffs shall produce such a privilege log **no later than June 21, 2025**.

supplemental briefing on this issue **no later than June 21, 2025**. The Parties' briefs may not exceed ten pages.

**DONE and ORDERED** in Chambers in Miami, Florida on May 22, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record