UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-21590-ELFENBEIN

**KAYLA HOMINSKI** and **NICOLAS HOMINSKI**,

    Plaintiffs,

v.

**GUSAR, LLC**, *et al*,

    Defendants.

_____ /

## ORDER ON PLAINTIFFS' MOTION TO DROP PARTIES

**THIS CAUSE** is before the Court on Plaintiffs Kayla Hominski and Nicholas Hominski's (collectively, "Plaintiffs") Motion to Drop Parties Pursuant to Federal Rule of Civil Procedure 21 (the "Motion" or "Motion to Drop Parties"), ECF No. [50], relating to Defendants Colsen Fire Pits, LLC ("Colsen") and NIKL Partners, LLC ("NIKL"). For the reasons explained below, the Motion to Drop Parties, **ECF No. [50]**, is **GRANTED**.

**I.    FACTUAL BACKGROUND**

This products liability action arises from severe injuries sustained by Plaintiff Kayla Hominski in July 2023. *See* ECF No. [30] at ¶¶18-24. Plaintiffs allege that a rectangular table-top fire pit, purchased through Defendant Wayfair, LLC's ("Wayfair") website in May 2023, malfunctioned and caused Ms. Hominski to suffer third-degree burns over 40 percent of her body. *See* ECF No. [30] at ¶¶12-13, 19-20. Plaintiffs initially filed this action on April 25, 2024, against Defendants Gusar, LLC ("Gusar"), Colsen, and Wayfair asserting claims of negligent design and other product liability theories. *See generally* ECF No. [1]. On August 12, 2024, Plaintiffs moved to amend their complaint to add a claim of successor liability against NIKL, as successor in interest

to Gusar, based on newly discovered information that "NIKL acquired Gusar in March of 2023." *See* ECF No. [28] at ¶¶1-3; ECF No. [59] at 2-3; ECF No. [30] at ¶¶8, 43-147.

Since the filing of the Amended Complaint on August 13, 2024, Plaintiffs argue that new information suggests that Colsen and NIKL could not have designed or manufactured the subject fire pit at issue here, and accordingly, seek to drop their claims against Colsen and NIKL. *See* ECF No. [50]; ECF No. [59]. In support, Plaintiffs cite Colsen's allegations against Gusar in a state court proceeding[1] filed on September 6, 2024 (the "Related State Action"), ECF No. [59-3], and the Asset Purchase Contract between Gusar and NIKL, ECF No. [59-2]. *See* ECF No. [59] at 2-3. Plaintiffs state that Colsen was formed as an entity and then NIKL assigned its interest in the Asset Purchase Contract, resulting in Colsen and Gusar closing the sale on November 10, 2023. *See* ECF No. [59] at n. 2, 3; ECF No. [59-2] at 24. Plaintiffs now wish to dismiss their claims against NIKL and Colsen because NIKL never directly acquired Gusar's assets, and Colsen's acquisition occurred six months after Plaintiffs' purchase of the fire pit and four months after Ms. Hominski sustained her injuries. *See* ECF No. [59] at 2.

Wayfair argues that "[a]t a minimum, the question of who manufactured the fire pit has not been resolved, as discovery has just begun, and therefore, the dismissal of Colsen and NIKL from this matter is premature, as if it is determined that Colsen designed or manufactured the Fire Pit, it would be liable to Wayfair." ECF No. [76] at 2. Although Wayfair acknowledges that it has not done so, Wayfair states that "depending on discovery produced in this case, Wayfair may seek leave from the Bankruptcy Court to file crossclaims against Colsen and NIKL." *Id*. at 3. Wayfair argues that dismissing Colsen and NIKL would "substantially prejudice Wayfair's ability

---

[1] *See* Complaint, *Colsen Fire Pits LLC v. Gusar, LLC*, No. CACE-24-012816, ECF No. [1] (Fla. 17th Cir. Ct. Sept. 6, 2024).

to bring crossclaims against them and to request that liability and damages be apportioned to them." *Id*. at 2-3.

In the Motion, Plaintiffs initially requested to drop their claims against Colsen and NIKL without prejudice pursuant to Federal Rule of Civil Procedure 21. Plaintiffs initially misstated the Eleventh Circuit's interpretation of Rule 41 stating that Rule 41 "only allow[s] the dismissal on an entire action as opposed to claims against specific defendants." *See* ECF No. [50] at 3 (citing *In re Esteva*, 60 F.4th 664, 677 (11th Cir. 2023)). Although the Eleventh Circuit generally prohibits Rule 41 dismissals of individual claims, it recognizes an exception "allowing plaintiffs to voluntarily dismiss less than the entire action so long as they dismiss a defendant in its entirety (*i.e.*, they dismiss all of the claims brought against that defendant)." *In re Esteva*, 60 F.4th at 677 (citing *Plains Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 255 (5th Cir. 1973); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) (acknowledging that Rule 41(a) "allows a plaintiff to dismiss all of his claims against a particular defendant"); *Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1227 (11th Cir. 2020)); *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 (11th Cir. 2023) ("Our Circuit has recognized that Rule 41(a) allows a district court to dismiss all claims against *a particular defendant*.").

In their Reply, ECF No. [59], Plaintiffs presumably noticed this error and modified their requested relief to seek ***dismissal*** of their claims against Colsen and NIKL ***with*** prejudice under Rule 21 ***and*** Rule 41. *See* ECF No. [59] at 1, n.4. Wayfair filed its Response in Opposition to Plaintiff's Motion (the "Response"), ECF No. [54]. Additionally, given the new arguments made in the Reply, the Court granted Wayfair leave to file a Sur-Reply, ECF No. [76]. *See* ECF No. [70]. In its Sur-Reply, Wayfair responded to Plaintiffs' newly asserted factual and procedural arguments, including those concerning the application of Rule 41. *See* ECF No. [76] at 2-3.

3

Neither Party provides the Court with binding precedent that Rule 21 may or may not be used to drop a party for reasons beyond the preservation of diversity jurisdiction. Nevertheless, the Court need not address Rule 21's application because the Court finds the application of Rule 41(a)(2) appropriate. As previously stated, the Eleventh Circuit precedent is clear — a plaintiff may voluntarily dismiss less than the entire action so long as the plaintiff dismisses all claims brought against that defendant. *In re Esteva*, 60 F.4th at 677; *Klay*, 376 F.3d at 1106; *Corley*, 965 F.3d at 1227; *Rosell*, 67 F.4th at 1144. Here, Plaintiffs seek to dismiss all claims brought against NIKL and Colsen, in accordance with the Eleventh Circuit's exception to Rule 41(a). Accordingly, the Court applies Rule 41(a)(2).

## II. LEGAL STANDARD

Rule 41(a) provides that after "the opposing party serves either an answer or a motion for summary judgment," "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *See* Fed. R. Civ. P. 41(a). "The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (citing *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir.1986); *see Emergency Recovery, Inc. v. Hufnagle*, 77 F.4th 1317, 1329 (11th Cir. 2023). Moreover, "[u]nless otherwise specified in the order, a dismissal under this paragraph is without prejudice." *See* Fed. R. Civ. P. 41(a)(2). "[T]he district court has the discretion under Rule 41(a)(2) to dismiss [a] case with prejudice." *Cunningham v. Whitener*, 182 F. App'x 966, 971 (11th Cir. 2006); *Schloetzer v. Total Mktg. Concepts*, No. 6:13-CV-957-ORL-37, 2014 WL 2441849, at *2–3 (M.D. Fla. May 30, 2014). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other

then the mere prospect of a subsequent lawsuit, as a result." *Pontenberg*, 252 F.3d at 1255 (quoting *McCants*, 781 F.2d at 856–57) (internal quotations omitted).

"The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal"? *Id*. at 1256 (quoting *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir.1967)). In exercising its broad discretion under Rule 41(a)(2), "the district court must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'" *Emergency Recovery*, 77 F.4th at 1329 (quoting *McCants*, 781 F.2d at 857).

## III. DISCUSSION

Wayfair's argument that dismissing Colsen and NIKL would hinder its ability to bring crossclaims and seek apportionment of liability and damages is unpersuasive. As an initial matter, Wayfair has yet to assert, or request leave to assert, [2] any crossclaims against NIKL or Colsen. *See* ECF No. [76] at 3. What is more, Wayfair concedes that any potential crossclaims remain speculative at this stage, as their viability depends entirely on what may be uncovered during discovery. *See id*. Nevertheless, if discovery indeed reveals a basis for such claims, Wayfair may seek leave to file a third-party complaint against NIKL or Colsen at that time, as opposed to a crossclaim.

Further, as to Wayfair's ability to impose its liability on NIKL or Colsen, Wayfair has already asserted an affirmative defense for such relief. *See* ECF No. [77] at 24 ("Any damages

---

[2] On January 31, 2025, the Bankruptcy Court presiding over Colsen's bankruptcy petition issued an Order Approving Account, Discharging Trustee, Cancelling Bond, and Closing Estate. *See* Order, *In re Colsen Fire Pits LLC*, No. 24-BK-06204-RCT, ECF No. [11] (M.D. Fla. Jan. 31, 2025).

On February 25, 2025, the Bankruptcy Court presiding over NIKL's bankruptcy petition issued an Order Approving Account, Discharging Trustee, Cancelling Bond, and Closing Estate. *See* Order, *In re NIKL Partners LLC*, No. 24-BK-06200-RCT, ECF No. [9] (M.D. Fla. Feb. 25, 2025).

awarded to Plaintiffs are subject to apportionment by the jury of the total fault of all participants, including those who may be responsible for damages claimed by Plaintiffs, including but not limited to any entity in the chain of commerce. In addition, Defendant reserves the right to identify potential third-party tortfeasors."). The substantive Florida law governing the claims in this matter resolves the precise issue Wayfair articulated. *See* Fla. Stat. § 768.81(1)(c)-(d)(2025). Specifically, Florida prohibits the application of joint and several liability and requires that the percentage of fault be allocated to each party (and any identified nonparty), and judgment be entered, on the basis of such party's percentage of fault. *See* § 768.81(3); *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1318 (11th Cir. 2017) ("Florida is not a joint-and-several liability state. Under Florida law, a defendant in a product liability action…is liable only for the amount of damages proportional to its percentage of fault.") (citing § 768.81(3)). This statute also outlines the procedure for a defendant to allocate any or all fault to a nonparty in its pleadings and on the verdict form for the purposes of apportioning damages. *See* § 768.81(3)(a)(1)-(2). As cited previously, Wayfair has pleaded this affirmative defense and reserved its "right to identify potential third-party tortfeasors," *see* ECF No. [77] at 24, which may be made "either by motion or in the initial responsive pleading . . . subject to amendment any time before trial . . . ," *see* § 768.81(3)(a)(1).

Florida law does not require that all responsible entities who contribute to an accident be joined as parties as defendants to apportion damages. *See Nash v. Wells Fargo Guard Servs., Inc.*, 678 So. 2d 1262, 1263 (Fla. 1996); *Royal Palm Hotel Prop., LLC v. Deutsche Lufthansa Aktiengesellschaft, Inc.*, 133 So. 3d 1108, 1110 n.1 (Fla. 3d DCA 2014) ("A '*Fabre* defendant' is a nonparty defendant whom a party defendant asserts is wholly or partially responsible for the negligence alleged."). Indeed, the statute allows a defendant to allege and prove the liability of

another entity, whether specifically or nebulously, to diminish its own liability. It also places this burden on the defendant, requiring the defendant to plead the defense and prove it by a preponderance of the evidence. *See* § 768.81(3)(a)(1)-(2). Accordingly, a plaintiff cannot prevent a defendant from asserting this claim against a co-defendant, even if plaintiff wishes to waive their claims against that co-defendant. *See J.L. Prop. Owners Ass'n, Inc. v. Schnurr*, 336 So. 3d 291, 296–97 (Fla. 4th DCA 2022). For these reasons, the Court finds that Wayfair will not suffer clear legal prejudice nor lose any substantial right by the dismissal of Colsen and NIKL.

Whether Plaintiffs' claims against NIKL and Colsen may be dismissed with prejudice also depends on the balance of the relevant equities and the demands of justice between the parties. *See Emergency Recovery*, 77 F.4th at 1329 (quoting *McCants*, 781 F.2d at 857); *Cunningham*, 182 F. App'x at 971. As explained above, Wayfair would suffer no prejudice from the dismissal of Plaintiffs' claims against NIKL and Colsen, as it retains the ability to seek leave to file a third-party complaint and has already asserted an affirmative defense attributing liability to Colsen and NIKL. All other Defendants (NIKL, Colsen, and Gusar) have been silent on this briefing or have otherwise indicated their agreement with their dismissal without prejudice. *See* ECF No. [59] at 1. Finally, Plaintiffs seek dismissal with prejudice, knowingly and affirmatively waiving their potential claims against NIKL and Colsen. For these reasons, the Court finds it appropriate to dismiss Plaintiffs' claims against NIKL and Colsen with prejudice. *See* Fed. R. Civ. P. 41(a)(2); *Cunningham*, 182 F. App'x at 971.

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiffs' Motion to Drop Parties, **ECF No. [50]**, is **GRANTED**; Defendants Colsen Fire Pits, LLC and NIKL Partners, LLC are hereby **DISMISSED WITH PREJUDICE** from this matter.

CASE NO. 24-CV-21590-ELFENBEIN

**DONE and ORDERED** in Chambers in Miami, Florida on May 22, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record